IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROSLYN BROWN, and R.Z., a Minor, through )
her Mother and Next Friend, Roslyn Brown, )
                                          )
         Plaintiffs,                      )
                                          )
v.                                        )          Case No. 4:17-cv-1542
                                          )
CITY OF PINE LAWN, MISSOURI,              )          **JURY TRIAL DEMANDED**
FORMER PINE LAWN LIEUTENANT               )
STEVEN BLAKENEY,                          )
PINE LAWN POLICE OFFICER                  )
LAWRENCE FLEMING,                         )
PINE LAWN POLICE OFFICER                  )
BRIAN BRITTON,                            )
PINE LAWN POLICE OFFICER                  )
FELICIA SHELTON,                          )
PINE LAWN POLICE OFFICER                  )
STEVEN LOWMAN, and                        )
PINE LAWN HOUSING INSPECTOR               )
RAYMOND WINSTON,                          )
                                          )
         Defendants.                      )

## COMPLAINT

### INTRODUCTORY STATEMENT

1.      Plaintiff Roslyn Brown and Plaintiff R.Z., a Minor, through her Mother and Next

Friend, Roslyn Brown, (the "Plaintiffs") bring this civil action seeking money damages against

the City of Pine Lawn; its police officers Steven Blakeney, Lawrence Fleming, Brian Britton,

Felicia Shelton, and Steven Lowman; and Pine Lawn Housing Inspector Raymond Winston, all

of whom on May 19, 2014—while acting individually and in concert under color of law and on

their authority as officials of the City of Pine Lawn—conspired to unlawfully invade the Brown

residence and place Ms. Brown under arrest using excessive force, all in front of her minor child,

Plaintiff R.Z. Defendants then unlawfully imprisoned Ms. Brown in a Pine Lawn Jail cell and

held R.Z. in an interrogation room as ransom to lure the child's father to the Pine Lawn Jail, all

in violation of the United States Constitution and the laws of the State of Missouri.

## JURISDICTION AND VENUE

2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and

Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this

action pursuant to 28 U.S.C. § 1331. Plaintiffs further invoke the Court's supplemental

jurisdiction to hear and decide claims arising under Missouri state law, pursuant to 28 U.S.C. §

1367.

3.       Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.       At all times relevant herein, Plaintiffs Roslyn Brown and R.Z. were United States

citizens and residents of the City of Pine Lawn, State of Missouri.

5.       Plaintiff Roslyn Brown ("Ms. Brown") is a 49 year-old African-American

woman, and mother of Plaintiff R.Z.

6.       Plaintiff R.Z. is a Minor child. At the time of the events described in this

Complaint, R.Z. was eleven (11) years old.

7.       Defendant City of Pine Lawn, Missouri ("Pine Lawn") is a city in the State of

Missouri duly incorporated and organized under the laws of the State of Missouri.

8.       At all times relevant herein, Defendants Steven Blakeney, Steven Lowman,

Lawrence Fleming, Brian Britton, and Felicia Shelton (the "Defendant Pine Lawn Officers")

were duly commissioned police officers of the State of Missouri and law enforcement officers

employed by Pine Lawn. They are sued in their individual capacities.

9.       At all times relevant herein, Defendant Raymond Winston was the Housing

Inspector employed by the City of Pine Lawn. Defendant Winston is sued in his individual

capacity.

10.     At all times relevant herein, Defendants acted under color of the laws, statutes, ordinances, and regulations of the City of Pine Lawn, and State of Missouri.

11.     At all times relevant herein, except as explicitly stated, Defendants acted under the management, regulations, policies, customs, practices and usages of Pine Lawn pursuant to their authority as law enforcement officers and public officials of Pine Lawn.

## FACTS COMMON TO ALL COUNTS

12.     On Monday, May 19, 2014, around 5:30 p.m., Pine Lawn Lt. Defendant Steven Blakeney ("Defendant Blakeney") approached the residence at 3743 Salome Avenue in the City of Pine Lawn, State of Missouri (the "Residence").

13.     Lt. Blakeney purported to seek information regarding the whereabouts of Ronald Zimmerman, who is Plaintiff R.Z.'s father and who owns the Residence.

14.     Pine Lawn officials including Detective Lawrence Fleming, Officer Brian Britton, Officer Felicia Shelton, Officer Steve Lowman, and Housing Inspector Raymond Winston (together with Blakeney, "the Pine Lawn Officials") were also present with Lt. Blakeney.

15.     Ms. Brown came to the door of the residence and informed the Pine Lawn Officials that she did not know where Mr. Zimmerman was.

16.     Lt. Blakeney began yelling at Ms. Brown, "Where is he?!" and demanding that she give Defendant Blakeney information about Mr. Zimmerman. Defendant Blakeney threatened to write Ms. Brown a summons if she did not provide the information.

17.     Defendant Blakeney further threatened that Ms. Brown would have to pay significant sums of money and that the Pine Lawn Officials would keep coming back to harass her if she did not provide him information.

18.     Ms. Brown did not have the information Defendant Blakeney demanded.

19.     Defendant Blakeney then became louder and more aggressive, which terrified Ms. Brown because Defendant Blakeney had also threatened to kill Mr. Zimmerman in the past.

20.     Defendant Blakeney told Ms. Brown he was going to write her a summons and demanded Ms. Brown produce her identification, which she turned away from the door to retrieve.

21.     Ms. Brown went back inside and closed the glass storm door behind her, leaving the main door open so she could remain visible.

22.     Defendant Blakeney then charged at the closed glass storm door and tried to break it down, breaking the locking mechanism in the process.

23.     In order to coerce information from Ms. Brown, Defendant Blakeney and the Pine Lawn Officials threatened to condemn Ms. Brown's home and told Ms. Brown she would not be permitted to reenter the Residence to retrieve any personal belongings.

24.     Ms. Brown came back out onto the porch, closing both doors behind her, and Defendant Blakeney immediately shouted "Arrest her!" at which time Officer Britton and the other Pine Lawn Officers arrested Ms. Brown.

25.     At that time, Ms. Brown shouted across the street to a neighbor named Ms. Ritchie, who had come outside to her own front porch after hearing the commotion, asking Ms. Ritchie to come take R.Z. to Ms. Ritchie's house to be safe.

26.     Simultaneously, on the porch of her grandfather's house next door at 3741 Salome, R.Z. sat holding her pet dog, crying, and watching the actions of the Pine Lawn Officials in terror.

27.     When Defendant Blakeney and the Pine Lawn Police Officers arrested Ms.

Brown, they forcibly handcuffed her hands behind her back and made her walk barefoot, without her walking cane, and wearing only pajama shorts and a tank top, to a Pine Lawn police car.

28.     When the Pine Lawn Police Officers forcibly handcuffed Ms. Brown's hands, they exacerbated Ms. Brown's carpal tunnel symptoms, re-injuring her arm, spraining her right elbow, and aggravating her peripheral neuropathy, all of which caused excruciating pain.

29.     This pain increased and persisted when the Pine Lawn Police Officers forced Ms. Brown to sit in the back of a police car with her arms still handcuffed behind her, smashed between her back and the car seat.

30.     Additionally, by making Ms. Brown walk barefoot on the gravel and hard ground, the Pine Lawn Police Officers exacerbated Ms. Brown's existing nerve damage symptoms in her feet and legs, causing excruciating shooting pain in her feet and legs.

31.     While Ms. Brown was in the Pine Lawn police car, the Pine Lawn Officials then entered the Residence and began ransacking the Residence, and Defendant Blakeney went to the residence next door at 3741 Salome Avenue.

32.     Ms. Ritchie had walked across the street to retrieve R.Z., who had now walked into the yard at 3741 Salome Avenue to approach Ms. Ritchie.

33.     As R.Z. approached Ms. Ritchie in the yard, Defendant Blakeney and Officer Britton intercepted R.Z., forcefully grabbed her by the upper left arm, and led her into the Residence, which the remaining Pine Lawn Officials were still raiding.

34.     Ms. Brown heard Defendant Blakeney tell the other Pine Lawn Officials that R.Z. was Ronald Zimmerman's daughter. The Pine Lawn Officials (except Officer Shelton) took R.Z. inside the Residence, which was still being torn up and raided by the Pine Lawn Officials.

35.     The Pine Lawn Officials were smoking cigarettes inside and outside the home,

which exacerbated R.Z.'s chronic asthma and caused R.Z. to cough frequently and feel shortness of breath.

36.     The Pine Lawn Officials held R.Z. in place and forced her to watch the scene unfold inside the Residence.

37.     At one point, Officer Britton threw a wool blanket over R.Z.'s dog, causing it to become panicked, and causing R.Z. to feel emotionally distressed.

38.     Officer Britton then forced R.Z. to access Ms. Brown's cell phone, without Ms. Brown's consent, for the purpose of locating Ronald Zimmerman.

39.     While searching Ms. Brown's phone, Officer Britton answered an incoming call from Ronald Zimmerman without permission to do so, and in front of R.Z., verbally threatened that "Everyone's going to jail today. Your daughter is going to foster care. What kind of father are you? Come and get your daughter."

40.     R.Z. feared for the safety and well-being of herself, of Ms. Brown, and of her father, Ronald Zimmerman.

41.     Defendant Britton came out to the police car and informed Ms. Brown that R.Z. would be coming to the Pine Lawn Jail as well.

42.     Ms. Brown objected, stating that Ms. Ritchie was permitted to have custody of R.Z. at that time.

43.     Defendant Britton stated that he was "just following orders" and that if Ms. Brown "didn't like it, [she] could just take it to the next level."

44.     Ms. Brown believed Defendant Britton's statement was made sarcastically, and that "take it to the next level" meant address the issue with Britton's superior officer, Defendant Blakeney, or another Pine Lawn Official.

45.     Defendant Britton then went inside the Residence and got R.Z., escorting her to the police car where Ms. Brown was locked in the back seat.

46.     Defendant Britton placed R.Z. in the front seat of the Pine Lawn police car.

47.     Ms. Brown observed that R.Z. was fearful and silent, as if in shock.

48.     Ms. Brown tried to comfort R.Z. by telling her that "everything is going to be okay" and that "we didn't do anything wrong." The Pine Lawn Officials then took Ms. Brown and R.Z. to the Pine Lawn Jail.

49.     At the Pine Lawn Jail, the Defendants separated R.Z. from her mother by placing R.Z. in an interrogation room and Ms. Brown in a holding cell.

50.     Ms. Brown stated to Detective Flemming, "You can't talk to her without me in there. She's a minor!"

51.     Detective Flemming ignored Ms. Brown's assertions, placed R.Z. in the interrogation room, and walked out of the interrogation room.

52.     After approximately one hour, Robert Zimmerman, R.Z.'s grandfather, arrived at the Pine Lawn Jail to pick up R.Z. and care for her.

53.     At that time, Ms. Brown heard Defendant Britton state that the Pine Lawn Officials wanted *Ronald* Zimmerman to pick R.Z. up, and that Pine Lawn was not going to release R.Z. until Ronald Zimmerman came to the Pine Lawn jail.

54.     Eventually, after several minutes of discussion, the Pine Lawn officials reluctantly permitted the grandfather Robert Zimmerman to take R.Z. home.

55.     Ms. Brown remained in the cold holding cell for several hours until she was released on medical recognizance.

56.     Pine Lawn charged Ms. Brown with "Failure to Comply" and thirty-two (32)

additional housing-code citations.

57.     Shortly before May 19, 2014, Ms. Brown's doctor instructed her to keep her right arm in a straight position so that her elbow and wrist would be ready for an upcoming surgery, which had to be delayed for many weeks due to the incident.

58.     Several weeks after May 19, 2014, Ms. Brown and R.Z. witnessed Pine Lawn police cars and officers stationed on their street and near their home, and felt intimidated and endangered.

59.     Pine Lawn eventually dismissed all of the charges, but only after Ms. Brown was forced to spend $750 to hire private counsel.

60.     The actions of the Defendants caused Ms. Brown significant physical injury and pain and suffering, as well as emotional trauma and suffering.

61.     The actions of the Defendants caused Plaintiff R.Z. extreme emotional trauma and distress, including depression, anxiety, and night terrors, all of which continue to persist and interfere with R.Z.'s daily life.

## CAUSES OF ACTION

## COUNT I
### UNLAWFUL USE OF EXCESSIVE FORCE – COGNIZABLE UNDER 42 U.S.C. § 1983
### (By Plaintiff Roslyn Brown against the Defendant Pine Lawn Officers)

For her cause of action against Defendants Blakeney, Britton, Flemming, Lowman, and Shelton (together, "Defendant Pine Lawn Officers") in Count I, Plaintiff Roslyn Brown states:

62.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

63.     In effecting the arrest of Ms. Brown, Defendant Pine Lawn Officers used an excessive degree of force without cause or justification, which caused Ms. Brown to sustain

significant injuries and damages.

64.     Defendant Pine Lawn Officers' use of force was unnecessary and punitive.

65.     Ms. Brown had a constitutional right to be free from the use of excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

66.     The use of force by Defendant Pine Lawn Officers, jointly or severally, was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Ms. Brown was not resisting arrest, was not attempting to escape, was not acting violently or aggressively, or in a manner that posed any obvious danger to herself or anyone else, and therefore was in violation of Ms. Brown's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

67.     As a direct and proximate result of the actions of Defendant Pine Lawn Officers as set forth herein, Ms. Brown sustained painful injuries and damages, exacerbating her carpal tunnel symptoms, re-injuring her arm, spraining her right elbow, and aggravating her peripheral neuropathy.

68.     As a direct and proximate result of Defendant Pine Lawn Officers' actions, Ms. Brown has experienced anxiety, night terrors, insomnia, fearfulness, exhaustion, and other symptoms that accompany significant trauma.

69.     As a direct and proximate result of the actions of Defendant Pine Lawn Officers' actions, Ms. Brown has suffered and will continue to suffer physical pain and injury, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

70.     The acts of Defendant Pine Lawn Officers were taken under color of state law.

71.     The conduct of Defendant Pine Lawn Officers was reckless and callously

indifferent to the constitutional rights of Ms. Brown, malicious and wanton with respect to those

rights, and an award of punitive damages is warranted and necessary to punish the Defendants in

their individual capacities and to deter each of them, and others from the same or similar

transgressions in the future.

72.     If Ms. Brown prevails, she is entitled to an award of attorneys' fees pursuant to 42

U.S.C. § 1988.

WHEREFORE, Plaintiff Roslyn Brown prays for a judgment against Defendants for

compensatory damages in an amount that is fair and reasonable to include but not necessarily be

limited to her physical injury and suffering, medical expenses, and her emotional pain and

suffering; for punitive damages against the Defendants in their individual capacities; plus the

costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the

Court deems fair and appropriate under the circumstances.

**COUNT II**
**UNLAWFUL SEARCH AND SEIZURE – COGNIZABLE UNDER 42 U.S.C. § 1983**
**(By Plaintiff Roslyn Brown against all Defendants)**

For her cause of action against all Defendants in Count II, Plaintiff Roslyn Brown states:

73.     Plaintiff incorporates by reference the allegations and averments contained in the

preceding paragraphs of this Complaint as though fully set forth herein.

74.     Defendants Lt. Blakeney and the Pine Lawn Officials had neither a search warrant

nor an arrest warrant for Ms. Brown or Ronald Zimmerman at any point when they searched and

seized her property.

75.     Defendant Blakeney, without cause or provocation, attempted to break down the

front door of Ms. Brown's residence.

76.     Defendant Blakeney and the Pine Lawn Officials emptied the contents of Ms.

Brown's purse and raided her home looking for possible housing violations.

77.     Defendant Officer Britton forced R.Z. to access Ms. Brown's phone for information about Ronald Zimmerman.

78.     At all relevant times both before and after Plaintiff's arrest, no exigent circumstances existed to prevent Defendants from obtaining a determination of probable cause by a neutral and detached judicial magistrate to conduct their search.

79.     Defendants' failure to promptly obtain judicial determinations of probable cause violated Plaintiff's right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments.

80.     Further, Defendants had no probable cause to detain and arrest Ms. Brown or her daughter.

81.     Defendants made it clear to Ms. Brown that her arrest and that of her daughter were being made solely in the interest of contacting Ronald Zimmerman, who was also not subject to an arrest warrant.

82.     Defendant Blakeney and Pine Lawn Officials used the pretext of a Failure to Comply charge and 32 property-related citations to arrest Ms. Brown.

83.     After her arrest, Ms. Brown was held in a cell in the Pine Lawn Jail for several hours before the Pine Lawn Officials released her.

84.     Defendants caused physical injuries to Ms. Brown while unlawfully arresting her, and Ms. Brown remained in pain while detained in the Pine Lawn Jail.

85.     Defendants had no lawful justification to arrest and detain Ms. Brown and did so in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

86.     As a direct and proximate result of the Defendants' actions, Ms. Brown has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

87.     The acts of Defendants described herein were intentional, wanton, malicious, and/or were callously indifferent to the rights of Ms. Brown, thus entitling her to an award of punitive damages against Defendants.

88.     If Ms. Brown prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Roslyn Brown prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to her physical injury and suffering, medical expenses, and her emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT III
## UNLAWFUL SEIZURE – COGNIZABLE UNDER 42 U.S.C. § 1983
### (By Plaintiff R.Z. against the Defendant Pine Lawn Officers)

For R.Z.'s cause of action against all Defendants in Count III, Plaintiff R.Z. states:

89.     Plaintiff incorporates by reference the allegations and averments contained in the preceding paragraphs of this Complaint as though fully set forth herein.

90.     In addition to unlawfully arresting Ms. Brown, Defendant Lt. Blakeney and the Pine Lawn Officials removed R.Z. from the safe and familiar custody of her adult neighbor and took her into the custody of the Pine Lawn Officials.

91.     While her mother was held in a cell in the Pine Lawn Jail, R.Z. was held against

her will in a Pine Lawn interrogation room.

92.     Defendants made it clear to R.Z. that her and her mother's detention was being carried out solely in the interest of contacting Ronald Zimmerman.

93.     As a minor, R.Z. experienced acute trauma as a result of Defendants unlawfully detaining her and using her as a pawn to make contact with Mr. Zimmerman.

94.     R.Z. was forced to wait alone in an interrogation room for several hours before her grandfather was allowed to come pick her up.

95.     As a direct and proximate result of Defendants' actions, R.Z. has suffered and will continue to suffer severe emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

96.     The acts of Defendants described herein were intentional, wanton, malicious, and/or were callously indifferent to the rights of R.Z., thus entitling her to an award of punitive damages against Defendants.

97.     If Ms. Brown prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff R.Z. prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to her physical injury and suffering, medical expenses, and her emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI LAW
### (By Plaintiff R.Z. against the Defendant Pine Lawn Officers)

For her cause of action against all Defendants in Count IV, Plaintiff R.Z. states as follows:

98.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

99.     Defendants knowingly and intentionally engaged in deplorable treatment of Ms. Brown in full view of her minor daughter, R.Z.

100.     Defendants used familial leverage to elicit information from both Ms. Brown and R.Z., threatening foster care and separation for non-compliance.

101.     Defendants' actions were intended to, and in fact did, cause eleven-year-old R.Z. to suffer severe emotional distress.

102.     Since the incident, R.Z. has suffered from nightmares, paranoia, depression, anxiety, insomnia, and other symptoms and manifestations of post-traumatic stress.

103.     Additionally, R.Z.'s demeanor has become pessimistic and her academic performance suffered because these psychological symptoms interfere with her ability to focus on schoolwork.

104.     R.Z. lost friends who heard about her mother's arrest.

105.     R.Z. has had to take psychiatric medications to manage her symptoms, and requires significant long-term psychological therapy.

106.     To make matters worse, following the May 19, 2014 incident, R.Z. has witnessed on numerous occasions a Pine Lawn patrol car parked at the end of her street, in direct view of and facing directly toward the Brown's residence, further perpetuating her trauma.

107.    The conduct of the Defendants was reckless and callously indifferent to the rights of Plaintiff R.Z., malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in their individual capacity and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff R.Z. prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to the psychological injury and suffering, medical expenses, and emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT V**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI LAW**
**(By Plaintiff R.Z. against all Defendants - Pleaded in the Alternative to Count IV)**

For her cause of action against all Defendants in Count V, Plaintiff R.Z. states in the alternative to Count IV as follows:

108.    Plaintiff Brown incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

109.    Defendants knowingly engaged in their deplorable treatment of Plaintiff in full view of her minor daughter, R.Z.

110.    Defendants used familial leverage to elicit information from both Plaintiff and R.B, threatening foster care and separation for non-compliance.

111.    Any reasonable person would expect an eleven-year-old minor placed in R.Z.'s position to suffer severe emotional distress as a result of Defendants' actions.

112.    Since the incident, R.Z. suffers from nightmares, paranoia, depression, anxiety,

insomnia, and other symptoms and manifestations of post-traumatic stress.

113.    Additionally, R.Z.'s demeanor has become pessimistic and her academic performance suffered because these psychological symptoms interfere with her ability to focus on school work.

114.    R.Z. lost friends who heard about her mother's arrest.

115.    R.Z. has had to take psychiatric medications to manage her symptoms, and requires significant long-term psychological therapy.

116.    To make matters worse, following the May 19, 2014 incident, R.Z. has witnessed on numerous occasions a Pine Lawn patrol car parked at the end of her street, in direct view of and facing directly toward the Brown's residence, further perpetuating her trauma.

117.    The conduct of the Defendants was reckless and callously indifferent to the rights of Plaintiff R.Z., malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in their individual capacity and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff R.Z. prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to the psychological injury and suffering, medical expenses, and emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT VI**
**KIDNAPPING UNDER MISSOURI LAW**
**(By Plaintiff R.Z. against all Defendants)**

For her cause of action against all Defendants in Count VI, Plaintiff R.Z. states as

follows:

118.    Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs of this Complaint as if fully set forth herein.

119.    Defendants unlawfully transported and confined R.Z. when they removed R.Z.

from the safe and familiar custody of her adult neighbor; took control of R.Z. in Ms. Brown's

front yard; confined R.Z. inside the living room of the residence at 3743 Salome; placed R.Z. in

a Pine Lawn police car; and then held R.Z. in a Pine Lawn Jail interrogation room.

120.    R.Z. did not consent to Defendants' actions in removing and confining her in the

manner described above, nor in any manner whatsoever.

121.     Defendants held R.Z. in confinement for a substantial period of time spanning

several hours.

122.    Defendants' explicit and express purpose of removing and confining R.Z. was to

hold R.Z. as leverage to cause R.Z.'s father, Ronald Zimmerman, to perform a certain act—

namely, to come to the Pine Lawn Jail and submit himself to the Defendants—and for the

purpose of terrorizing R.Z., Ms. Brown, and Ronald Zimmerman.

123.    Defendants' actions constituted an intentional kidnapping of R.Z.

124.    As a direct and proximate result of Defendants' actions in kidnapping R.Z., she

suffered severe emotional distress, pain and suffering, and anguish at the time of the incident and

continuing to present day.

125.    Defendants' kidnapping of R.Z., as set forth above, was carried out intentionally,

with an evil motive and/or with a reckless indifference and conscious disregard to the rights of R.Z., thereby entitling her to punitive damages in an amount sufficient to punish and deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff R.Z. prays for judgment against all Defendants, jointly and severally, for compensatory damages in an amount which is fair and reasonable, for punitive damages against the individually-named Defendants in their individual capacities, and for such other and further relief as this Court deems fair and appropriate under the circumstances.

### COUNT VII
### MALICIOUS PROSECUTION – COGNIZABLE UNDER 42 U.S.C. § 1983
### (By Plaintiff Roslyn Brown against All Defendants)

For her cause of action against all Defendants in Count VII, Plaintiff Roslyn Brown states as follows:

126.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

127.    The Defendants, acting individually or together and in concert, caused to be issued and assisted in the prosecution of the following charges against Ms. Brown:

      a.  "Fail to Comply with Officer" charge;
      b.  "No Occupancy Permit" charge; and
      c.  Thirty-one (31) other "Housing Code Violation" charges.

128.    Defendants were motived in the pursuit of quasi-criminal charges against Ms. Brown not by a belief that the charges had any factual or legal merit or that probable cause existed before their issuance, but rather by malicious, improper, illegal, and unconstitutional purposes, including but not limited to the following:

      a.  Defendants sought to protect themselves from civil and/or criminal liability for the unlawful treatment of Ms. Brown and her minor child, R.Z., and for their misconduct as described above, by initiating falsified charges against Ms. Brown; and

b.   Defendants sought to punish Ms. Brown for exercising legally and constitutionally protected rights.

129.   Defendants falsified their official reports and summonses and caused them to be prosecuted for over one year in an attempt to secure a conviction against Ms. Brown.

130.   The conduct of Defendants as described above violated Ms. Brown's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

131.   On July 2, 2015, the prosecuting attorney declined to prosecute *all* thirty-three (33) of the malicious charges.

132.   As a direct result of Defendants' misconduct, which constituted malicious prosecution in violation of Ms. Brown's constitutional rights, Ms. Brown suffered damages including, but not limited to:

a.   Ms. Brown was forced to expend time at court appearances and in consult with an attorney to defend herself against the charges; and

b.   Ms. Brown incurred legal defense fees of $750.00.

133.   The actions of Defendants in maliciously prosecuting the charges against Ms. Brown were carried out under color of law and pursuant to the Defendants' authority as Pine Lawn Police Officers and as Pine Lawn Housing Inspector.

134.   The acts of Defendants as described above were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Ms. Brown, thus entitling Ms. Brown to an award of punitive damages against the individually-named Defendants.

135.   If Ms. Brown prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Roslyn Brown prays for judgment in favor of Ms. Brown and against all Defendants for actual damages, compensatory damages, attorneys' fees, expenses, and costs; punitive damages against all individual Defendants in their individual capacities; and for any other relief this Court deems just and appropriate.

### COUNT VIII
### ABUSE OF PROCESS UNDER MISSOURI LAW
### (By Plaintiff Roslyn Brown against all Defendants)

For her cause of action against all Defendants in Count VIII, Ms. Brown states as follows:

136.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

137.    On information and belief, Defendants' purpose in instigating and continuing the prosecutions against Ms. Brown, where there was no evidence whatsoever supporting any of the alleged charges or conduct by the accused, was in order to (1) harass, intimidate, and punish Ms. Brown and her family; and/or (2) achieve conviction of Ms. Brown in an effort to avoid civil or criminal liability for the injuries and civil rights violations caused by Defendants against Ms. Brown—both of which constitute improper collateral purposes.

138.    The actions of Defendants in falsely implicating Ms. Brown in the activities charged as set forth above constituted an improper use of process that was neither warranted nor authorized by law.

139.    Defendants abused legal process for an unlawful purpose and with an illegitimate and collateral objective, and have acted willfully and with an ulterior motive in their use of legal process, in that Defendants used legal process through their authority for purposes other than legitimately investigating and prosecuting criminal acts.

140.    At all relevant times, the individual Defendants were acting within the course and scope of their employment and/or agency relationship with the City of Pine Lawn, and acted as the employees, servants and agents of Pine Lawn and its representatives.

141.    As a result of Defendants' abuse of process against Ms. Brown, Ms. Brown was damaged, including being forced to defend the utterly baseless charges brought against her.

142.    Defendants' abuse of process, as set forth above, was carried out intentionally, with an evil motive and/or with a reckless indifference and conscious disregard to the rights of Ms. Brown, thereby entitling Ms. Brown to punitive damages in an amount sufficient to punish and deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff Roslyn Brown prays for judgment in favor of Ms. Brown and against all Defendants for actual damages, compensatory damages, attorneys' fees, expenses, and costs; punitive damages against all individual Defendants in their individual capacities; and for any other relief this Court deems just and appropriate.

### COUNT IX
### CONSPIRACY TO DEPRIVE CIVIL RIGHTS –
### COGNIZABLE UNDER 42 U.S.C. § 1983
### (By Plaintiffs Roslyn Brown and R.Z. against all Defendants)

For their cause of action against all Defendants in Count IX, Plaintiffs state as follows:

143.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

144.    Defendant Pine Lawn Officials, acting in their individual capacities and under color of law, conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Plaintiffs' civil rights. In furtherance of this conspiracy, Defendants committed the following overt acts:

a.   Defendants unlawfully searched, seized, used excessive force

upon, and detained Ms. Brown in the Pine Lawn Jail.

b.  Defendants unlawfully seized, transported, and detained R.Z. in the Pine Lawn Jail.

c.  Defendants, acting in concert, intentionally fabricated and contrived one Failure to Comply charge and thirty-two (32) housing-code violations against Ms. Brown with the expectation and for the purpose that if a conviction were secured against Ms. Brown, the Defendants would be insulated from future civil or criminal liability for their unconstitutional actions.

d.  Defendants adhered to a code of silence regarding the truth about the constitutional violations and unlawful behavior of the Defendants. Defendants refused to report the misconduct and excessive force used against Ms. Brown and R.Z. as afore described to other supervisory or command personnel within the Defendant City of Pine Lawn.

145.    Defendants shared the conspiratorial objectives, which were to punish Ms. Brown for her non-compliance as well as for her affiliation with Ronald Zimmerman, to secure the appearance of Mr. Zimmerman, and to avoid punishment for such abuse by maliciously fabricating and supporting the prosecution of false charges against Ms. Brown.

146.    As a direct and proximate result of the conspiracy between the Defendants as described above, Plaintiffs' rights to be free from the use of excessive force and unreasonable search and seizure were violated by the Defendant Pine Lawn Officials. Defendants thus conspired to violate Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution, which are protected by 42 U.S.C. § 1983.

147.    As a direct and proximate result of the Defendants' actions, Plaintiffs suffered and will continue to suffer physical pain and injury, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

148.    The acts of Defendants described herein were intentional, wanton, malicious,

and/or were callously indifferent to the rights of Plaintiffs, thus entitling them to an award of punitive damages against Defendants.

149.    If Plaintiffs prevail, they are entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs Roslyn Brown and R.Z. pray for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to physical injury and suffering, medical expenses, and emotional pain and suffering; for punitive damages against the Defendants in their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT X**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**
**(By Plaintiffs Roslyn Brown and R.Z. against the Defendant City of Pine Lawn)**

For their cause of action against the Defendant City of Pine Lawn in Count X, Plaintiffs state:

150.    Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

151.    At all times relevant to this Complaint, Defendant Blakeney and the Pine Lawn Officials, as sworn members of the Pine Lawn Police Department, were acting pursuant to either official policies or customs, or practices and usages so pervasive as to constitute policies, of the Defendant City of Pine Lawn, and Pine Lawn is therefore culpable pursuant to *Monell v. N.Y. Dep't of Soc. Svcs*, 436 U.S. 658 (1978), and its progeny.

152.    In the alternative, Pine Lawn was deliberately indifferent in its duty to correct, supervise, control and, when appropriate, discipline their officers who have committed these acts

which violate the Fourth and Fourteenth Amendments. *See City of Canton v. Harris*, 489 U.S. 378, 392 (1989).

153.    Pine Lawn has the power and responsibility to prevent the existence of the policies and practices described above and has failed and refused to do so.

154.    There exists within Pine Lawn pervasive policies or customs, practices and usages that caused the constitutional deprivations of the Plaintiffs as set forth herein. The policies, customs, practices, and usages that exist are:

> a.    To arrest individuals without reasonable cause or provocation and in violation of their constitutional rights;
>
> b.    To ignore the policies and procedures of Pine Lawn by encouraging and/or permitting the unlawful arrests of individuals, particularly African-American residents;
>
> c.    To engage in a course of conduct designed to cover-up and insulate officials from sanctions both civil and criminal when targeting innocent individuals, particularly African-American residents; and
>
> d.    To fail to adequately train, supervise, and/or discipline police officers and/or Pine Lawn officials concerning the practices afore-described to assure compliance.

155.    Alternatively, and without waiver of the foregoing, Pine Lawn's training program was not adequate to train its officers and officials to properly handle reoccurring situations like the one involving the Plaintiffs, and therefore, Pine Lawn had a policy or custom of failing to adequately train its employees and officials.

156.    Pine Lawn knew that more and/or different training was needed to avoid the unlawful arrests and other constitutional deprivations suffered by individuals like the Plaintiffs.

157.    Pine Lawn is ultimately vested with the duty, power, and authority to train, supervise, discipline, and otherwise control its police officers.

158.    Pine Lawn failed in its duty to so train, supervise, and discipline Defendants in

general, and specifically so as to conform their conduct with constitutional requirements when it:

      a.   failed to adequately train, supervise, and discipline police officers in the proper and lawful arrests of subjects, particularly African-American citizens, and

      b.   failed to train, supervise, and discipline officers with regard to the duty to intervene and/or report transgressions, and to truthfully respond to inquiries.

159.    The acts of the individual Defendants as set forth herein were taken under color of state law.

160.    As a direct and proximate result of the actions, policies, and practices of the Defendant City of Pine Lawn as set forth herein, Plaintiffs have been damaged by physical injury, pain and suffering, emotional damages, pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

161.    If Ms. Brown prevails, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs pray for judgment against the Defendant City of Pine Lawn seeking compensatory damages in an amount that is fair and reasonable; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## **FINDER OF FACT**

162.    Plaintiff demands a jury trial of all issues properly triable by jury.

Date submitted: May 19, 2016        Respectfully submitted,
**ArchCity Defenders, Inc.**

By: /s/ Nathaniel R. Carroll
    Thomas B. Harvey (MBE #61734MO)
    Michael John Voss (MBE #61742MO)
    Blake A. Strode (MBE #68422MO)
    Nathaniel R. Carroll (MBE #67988MO)
    1210 Locust Street, 2nd Floor
    Saint Louis, MO 63103
    855-724-2489 ext. 1012
    314-925-1307 (fax)
    tharvey@archcitydefenders.org
    mjvoss@archcitydefenders.org
    bstrode@archcitydefenders.org
    ncarroll@archcitydefenders.org

    *Attorneys for Plaintiffs*