# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROSLYN BROWN, et al., | ) | |
| Plaintiff(s), | ) ) ) | |
| v. | ) ) | No. 4:17CV01542 ERW |
| CITY OF PINE LAWN, MISSOURI, et al., | ) ) ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Felicia Shelton's Motion to Dismiss [74], filed on April 25, 2018. In her motion, Shelton incorporates the arguments made by Defendants Fleming, Lowman, and Winston in their Motion to Dismiss Party Defendants [32]. This Court incorporates the facts as stated in its February 20, 2018 order granting in part and denying in part all then-pending motions to dismiss by defendants in this action [58].

**I.    STANDARD**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861

(8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III.  DISCUSSION

### A.  *Unlawful Search of Ms. Roslyn Brown*

Plaintiffs have alleged all the police officers, including Shelton, entered the home without a warrant and "ransacked" it. In its February 20, 2018 order, this Court found this was enough to establish a § 1983 claim of unlawful search against other police officers, and it now finds this was enough to establish a claim against Shelton. Further, under these facts, Shelton would have known her actions were violating Ms. Brown's clearly established right to be free from an unreasonable search of her home. She is accordingly not entitled to qualified immunity. This Court will deny Shelton's motion to dismiss this claim against her.

### B.  *Unlawful Seizure of Ms. Brown and R.Z.*

In its February 20, 2018 order, this Court found Ms. Brown alleged enough facts to establish a claim of unreasonable seizure, though the alleged facts did not implicate all named defendants in her unlawful arrest. With respect to Shelton, Ms. Brown alleged Shelton escorted Ms. Brown to the police car and carried her cane. This Court finds, under these facts, Shelton participated in the unlawful arrest, and Ms. Brown has sufficiently established a claim of unlawful seizure against Shelton.

Regarding the arrest of R.Z., R.Z. alleged all the police officers, including Shelton, "held R.Z. in place and forced her to watch the scene unfold inside the [r]esidence." In its February 20, 2018 order, this Court found this was enough to establish a § 1983 claim of unlawful seizure against the other police officers, and it now finds this was enough to establish a claim against Shelton.

Further, under the facts alleged to establish both claims, Shelton would have known her actions were violating the plaintiffs' constitutional right to be free from unreasonable seizure, and thus, she is not entitled to qualified immunity. This Court will deny Shelton's motion to dismiss these claims.

### C. *Malicious Prosecution of Ms. Brown*

In its February 20, 2018 order, this Court found Ms. Brown alleged a cognizable claim for malicious prosecution under § 1983. Shelton participated in both the underlying constitutional violations and in charging Ms. Brown with "failure to comply" and the housing code violations. At this stage, applying the same reasoning it applied in the February 20, 2018 order, this Court will not grant the motion to dismiss this claim against Shelton.

### D. *Conspiracy to Violate Civil Rights of Ms. Brown and R.Z.*

3

In its February 20, 2018 order, this Court found Plaintiffs did not plead the necessary factual elements for a § 1983 conspiracy claim against any of the defendants in this action. Accordingly, the § 1983 conspiracy claim against Shelton will be dismissed.

### E. *Intentional Infliction of Emotional Distress (IIED) of R.Z.*

In its February 20, 2018 order, this Court found R.Z. failed to show the defendants' sole motivation for the conduct she alleges is extreme and outrageous was to cause R.Z. emotional distress, and thus her IIED claim failed. For that same reason, her claim against Shelton will be dismissed.

### F. *Negligent Infliction of Emotional Distress (NIED) of R.Z.*

In its February 20, 2018 order, this Court found R.Z. had established a cognizable NIED claim against the moving parties by alleging all the officers and Winston held R.Z. in place and forced her to watch the officers "ransack" the home. Shelton was one of these officers, and accordingly this Court will deny her motion to dismiss this claim.

### G. *False Imprisonment of R.Z.*

In its February 20, 2018 order, this Court found R.Z. alleged sufficient facts to establish a claim of false imprisonment against the defendants she alleges held her in place in her home. Shelton was one of these defendants, and accordingly this Court will deny her motion to dismiss this claim.

### H. *Abuse of Process*

In its February 20, 2018 order, this Court denied Defendant Lowman's motion to dismiss this claim, finding he assisted in writing up the citations. It also stated Ms. Brown articulated an unlawful purpose motivating the defendants in charging Ms. Brown and that damage resulted. Under the facts of the amended complaint, Shelton assisted in both the unlawful arrest and the

charging of Ms. Brown, and thus she has made a sufficient claim of abuse of process under Missouri law. Shelton's motion to dismiss this claim will be denied.

**IT IS HEREBY ORDERED** the Motion to Dismiss Felicia Shelton [74] is **GRANTED in part** and **DENIED in part**. Shelton is dismissed from the § 1983 conspiracy claim of both Plaintiffs and the IIED claim of R.Z. She is not dismissed from the § 1983 claim of unlawful seizure of Ms. Brown, the § 1983 claim of unlawful search of Ms. Brown, the § 1983 claim of unlawful seizure of R.Z., the § 1983 malicious prosecution claim of both Plaintiffs, the NIED claim of R.Z., the false imprisonment claim of R.Z., and the abuse of process claim of Ms. Brown.

Dated this 8th Day of May, 2018.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE