**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROSLYN BROWN, *et al.*,         ) | |
| ) | |
| Plaintiffs,         ) | |
| ) | |
| v.         ) | Case No. 4:17-cv-01542-ERW |
| ) | |
| CITY OF PINE LAWN, MO., *et al.*,         ) | |
| ) | |
| Defendants.         ) | |

**PROTECTIVE ORDER**

This matter comes before this Court on the parties' Joint Motion for Protective Order [85]. That Motion is **GRANTED**. Accordingly, the Court adopts the following findings and rulings:

**WHEREAS**, during the course of this litigation, the parties hereto have or may have been provided or seek to obtain discovery of information which the party from whom the information is obtained considers to be personal, confidential, or otherwise sensitive information, including but not limited to records that one or more of the parties may consider to be closed under the Missouri Sunshine Law or subject to protection under other applicable law; and

**WHEREAS**, the parties acknowledge that disclosure of such information to non-parties, though possibly relevant to this litigation, might be harmful to the parties and/or other individuals; and

**WHEREAS**, the undersigned parties wish to enter an order providing a basic procedure for protecting information that a party designates to be sensitive or confidential; and

**WHEREAS**, however, the parties reserve the right to object to any discovery request that they believe should not require the production of any documents; and

**WHEREAS**, however, the parties reserve the right to object to any confidential designation and to submit any dispute over such designation to the Court for resolution.

**IT IS THEREFORE HEREBY STIPULATED AND ORDERED** that:

1.    This Stipulated Protective Order applies to all documents and information produced or disclosed during this litigation which are designated "CONFIDENTIAL" or otherwise in accordance with the procedures set forth herein.

2. For purposes of this Stipulated Protective Order, "Confidential Information" shall mean all information or documents of a personal and/or confidential or otherwise sensitive nature which, in good faith, are deemed confidential by any party producing or claiming ownership of or claiming confidentiality obligations with respect to such information ("Producing Party"), provided that such information is designated as "CONFIDENTIAL" pursuant to Paragraph 3 below.

3. Any party may, prior to production or disclosure, designate as "CONFIDENTIAL" any documents, tangible material or information, including but not limited to documents, interrogatory answers and depositions, which it in good faith believes are Confidential Information as described in Paragraph 2 of this Stipulated Protective Order, by stamping upon or otherwise marking, or, if previously disclosed, specifically identifying such documents, tangible material or information as "CONFIDENTIAL." Deposition testimony may also be designated as "CONFIDENTIAL" by indicating on the transcript the portions of the testimony containing Confidential Information, and said portions shall be subject to the terms of this Order. All persons except Attorneys of Record and others who are qualified to receive Confidential Information under this Order, except the court reporter and videographer, shall be excluded from the deposition room during the taking of any testimony which includes Confidential Information. Within thirty (30) days after receipt of any deposition transcript, or as otherwise agreed by the parties, any party may designate any testimony as "CONFIDENTIAL" despite the fact that such testimony was not so designated at the time the deposition was given. During that thirty (30) day period, or as otherwise agreed by the parties, all testimony and information produced, revealed or otherwise disclosed during that deposition shall be deemed Confidential Information.

    a. A party may further designate certain discovery material or testimony which it believes are or which it believes another party will contend are of a highly confidential and/or particularly sensitive nature as "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" (hereinafter "Attorney's and Expert's Eyes Only Material") in the manner described above.

4. If any party objects to the designation of information, documents or depositions as

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" under this Stipulated Protective Order, the objecting party shall so notify the Producing Party in writing. The notice shall identify the challenged designation and shall specifically state the reason or reasons for the objection. Should the parties be unable to informally resolve any such objection, the objecting party may submit the dispute to the Court for resolution by appropriate motion. All information, documents and testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" shall be treated as such unless and until the Court rules otherwise. A failure by any party to object to the designation of information or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" shall not constitute an admission or agreement that such document or information is, in fact, Confidential Information as described in this Stipulated Protective Order.

5. Unless otherwise agreed in writing, information designated as "CONFIDENTIAL" shall only be produced, revealed or disclosed to:

    a. Counsel for any party to this action engaged in the prosecution or defense of this action (including in-house counsel of any party), as well as paralegal and secretarial employees of such attorneys to whom it is necessary that the material be disclosed for purposes of the prosecution or defense of this action;

    b. The parties to this action, provided however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

    c. Experts or consultants unrelated to the parties to this action to whom it is necessary to disclose the information for the purpose of prosecuting or defending this litigation;

    d. Fact witnesses unrelated to the parties to this action to whom it is necessary to disclose the information for the purpose of prosecuting or defending this litigation;

    e.  The Court in this action and administrative personnel of the United States District Court for the Eastern District of Missouri; and

    f.  Any other person by prior written agreement of the parties or by order of the Court after notice to all parties.

  6.  Unless otherwise agreed in writing, information designated as "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL"  shall only be produced, revealed or disclosed to:

    a. Counsel of record;

    b. Employees and law partners, or associated attorneys of counsel of record; and

    c. Experts who have agreed in writing to be bound by the restrictions set forth in this Stipulated Protective Order.

  7.  Any person or entity to whom Confidential Information is disclosed in accordance with this Stipulated Protective Order ("Receiving Party") may use that information solely in connection with the prosecution or defense of this litigation, and shall not disclose information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" to any other person or entity (except as permitted in Paragraph 5 above) or use such information for any other purpose in violation of the terms of this Stipulated Protective Order.

  8.  Attorneys of Record for the Receiving Party shall retain all originals, photocopies and reproductions of all Confidential Information disclosed during the course of this litigation. Said documents shall be kept in a secured location within the office of an Attorney of Record or in any location or manner which guarantees that only persons permitted access under this Stipulated Protective Order may have access to such Confidential Information.

  9.  If any attorney for a party desires to give, show or make available any Confidential Information or document(s) stamped "CONFIDENTIAL" pursuant to this Stipulated Protective Order to persons other than those referred to in Paragraph 5 above, such attorney shall submit to the Attorneys of Record for the Producing Party a written statement specifically identifying the information to be disclosed and the name, title and business relationship of the person or persons to whom disclosure is requested.  Attorneys of Record for

the Producing Party shall have ten (10) business days from the date of the receipt of such request to object to such disclosure. If the attorneys for the parties are unable to informally resolve any objection, the attorney seeking disclosure may submit such dispute to the Court for resolution, and no disclosure of such disputed information or documents may be made except as provided by Order of the Court.

10. The parties may request that no person other than those meeting the criteria in Paragraphs 5(a)-(f) shall be permitted in the litigation room during such portions of any evidentiary proceeding in this action or during such portions of any other hearing or proceeding at which it is asserted that Confidential Information is likely to be discussed or disclosed.

11. If Confidential Information is lodged with the Court or used during depositions in the litigation of this case or during the course of any other hearing, it shall not lose its confidential status through such use, and counsel for the parties shall take all steps reasonably required to protect its confidentiality during such use and regarding any subsequent transcription of the proceeding.

12. Any pleading, motion, memorandum, appendix or other judicial filing which quotes, attaches, substantially paraphrases or otherwise discloses information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" shall prominently display that such document contains confidential information and that it is not to be disseminated unless this requirement is waived by the Producing Party.

13. Nothing herein shall be construed to affect in any manner the admissibility at litigation of any document, testimony or other evidence.

14. Unintentional Production of Confidential or Privileged Materials; "Clawback" Agreement.

The parties acknowledge that certain documents that may be disclosed by the City of Pine Lawn in this case represent a substantial volume of documents and pages of information. While Pine Lawn does not expect that such documents contain privileged information, the parties recognize that an ample volume of documents increases the possibility of the inadvertent disclosure of privileged information. Therefore, the parties hereby explicitly agree and stipulate that the City of Pine Lawn does not waive any claim of privilege whatsoever by

the production of such documents for inspection by the Plaintiffs.

If information subject to a claim of attorney-client privilege, attorney work-product or any other valid ground under the law is nevertheless inadvertently or unintentionally produced, transmitted, or disclosed to a party or parties, such production, transmittal, or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or any other valid ground under the law.  The parties specifically agree and stipulate that they cannot assert that production of the confidential information by the City of Pine Lawn constitutes any waiver of a claim of privilege or of protection as trial-preparation material.  Pursuant to Federal Rule of Evidence 502(d), the Court orders that the privilege or protection is not waived by disclosure connected with the litigation pending before the Court — in which event the disclosure is also not a waiver in any other federal or state proceeding.

In the event that Plaintiffs or other parties discover such privileged documents in the course of their inspection, the parties stipulate and agree that they will immediately notify the City of Pine Lawn of such discovery, cease inspection of such privileged document, return the original to the Defendant City of Pine Lawn or Defendant's file, and immediately surrender to the Defendant or destroy any copy, notes or other document which it may have obtained or generated containing such privileged matter or communication.  Plaintiffs and other parties and their respective counsel agree and stipulate that under no circumstances will any document designated as privileged herein be removed or transmitted in any fashion from any City of Pine Lawn office where any inspection is conducted without the express written consent of the City of Pine Lawn's counsel or further order of this Court.   Plaintiff's and their counsel further agree and stipulate that under no circumstance will any person outside of the City of Pine Lawn and its counsel of record in this case be made aware of the content of the privileged document outside of the person discovering such privileged document and Plaintiffs' current counsel of record in this action.

If a disclosing party asserts a claim of inadvertent production, transmittal, or disclosure as to information then in the custody of another party, such receiving party shall, within five (5) business days of being notified of such claim, return, or sequester the original and all

copies of the information (except as necessary to file the motion with the Court referenced below) to the disclosing party and the receiving party shall not use such information for any purpose. If the receiving party has already shared such information or material prior to a demand for its return from the disclosing party, then the receiving party shall not be liable for a violation of this order, and shall further promptly notify the other affected person or persons and shall collect and return all copies. If the receiving party disputes a claim of attorney-client privilege, attorney work product or any other valid ground under the law, it may move the Court for an Order compelling production of the material, which motion shall be requested to be filed under seal and which may attach the material for the Court's inspection.

14. Upon the conclusion of this litigation, all information and documents designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" and any and all copies thereof shall be returned or destroyed within ten (10) business days provided, however, that counsel may retain their attorney work product even though it contains information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL," but such retained work product shall remain subject to the terms of this Stipulated Protective Order. Any person or entity having custody or control of any information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" or any copies thereof shall deliver to counsel for the Producing Party, upon counsel's request, an affidavit certifying that all such information and copies thereof (except for attorney work product as stated above), have been destroyed or delivered in accordance with the terms of this Stipulated Protective Order.

15. In the event of a proven violation of this Stipulated Protective Order by any party or permitted recipient(s) of information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL," the offending party or person understands that he or she may, in the discretion of the Court, suffer the imposition of such sanctions as the Court deems appropriate.

16. The Court shall retain jurisdiction to enforce this Stipulated Protective Order after the conclusion of this action.

So Ordered this 3rd day of August, 2018.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**